# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| Petitioner, ) | |
| ) | No. 16 CV 6422 |
| v. ) | |
| ) | Judge Jorge L. Alonso |
| DAVID REVIS, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM OPINION AND ORDER

David Revis has filed a motion for relief pursuant to 28 U.S.C. § 2255 to vacate or correct his sentence based on the U.S. Supreme Court's decisions in *Johnson v. United States*, 135 S. Ct. 2551 (2015) and *Welch v. United States*, 136 S. Ct. 1257 (2016). For the reasons set forth below, the Court denies the motion [1].

## BACKGROUND

In November 2012, David Revis was arrested in connection with a string of armed robberies targeting retail stores and businesses in and around Chicago. On September 23, 2014, Revis pleaded guilty to one count of conspiracy to commit robbery affecting commerce in violation of 18 U.S.C. § 1951(a) and one count of possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g) and 924(e), pursuant to a written plea agreement in case number 12 CR 853-3. Revis' plea agreement, as well as his presentence investigation report ("PSR"), identified Revis as an "armed career criminal" pursuant to 18 U.S.C. § 924(e), also known as the Armed Career Criminal Act ("ACCA"). Both the plea agreement and PSR listed seven prior criminal convictions for Revis. These convictions included a 1997 juvenile adjudication for

aggravated battery, a 1998 conviction for delivery of a controlled substance, and a 2002 conviction for robbery.

On January 13, 2015, Revis was sentenced to a concurrent term of 180 months' imprisonment, which is the mandatory minimum sentence under the ACCA. During the sentencing hearing, Revis did not dispute any facts regarding his criminal history or his status as an armed career criminal. Revis did not directly appeal his sentence.

Revis has filed a Section 2255 motion to vacate or correct his sentence based on the Supreme Court's decisions in *Johnson*, 135 S. Ct. 2551, and *Welch*, 136 S. Ct. 1257. In *Johnson*, the Supreme Court invalidated a portion of the ACCA—the so-called "residual clause"— due to vagueness. 135 S. Ct. at 2560. In *Welch*, the Supreme Court found that *Johnson*'s holding applied retroactively to cases on collateral review. 136 S. Ct. 1257; *see also* 28 U.S.C. § 2255(f)(3). In light of these cases, Revis argues that he no longer has three predicate convictions to be deemed an armed career criminal under the ACCA. The government disagrees, arguing that Revis' petition is untimely and that he still has at least three prior convictions that trigger the ACCA's mandatory minimum sentence.

## LEGAL STANDARD

A federal prisoner may move to correct a sentence on "the ground that the sentence was imposed in violation of the Constitution or laws of the United States. . .or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). "Relief under this statute is available only in extraordinary situations, such as an error of constitutional or jurisdictional magnitude or where a fundamental defect has occurred which results in a complete miscarriage of justice." *Blake v. United States*, 723 F.3d 870, 878-79 (7th Cir. 2013); *see also Prewitt v. United States*, 83 F.3d 812, 816 (7th Cir. 1996).

## DISCUSSION

The ACCA imposes a mandatory minimum sentence of 15 years on a defendant who possesses a firearm and who has three previous convictions "for a violent felony or serious drug offense." 18 U.S.C. § 924(e)(1); *see also* 18 U.S.C. § 922(g). The Act defines "violent felony" as:

> . . .any crime punishable by imprisonment for a term exceeding one year. . .that—
>
> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves use of explosives, or *otherwise involves conduct that presents a serious potential risk of physical injury to another*. . .

18 U.S.C. § 924(e)(2)(B) (emphasis added). The second half of subsection (ii), which begins with "otherwise," is a catch-all phrase commonly referred to as the "residual clause." In *Johnson*, the Supreme Court invalidated the residual clause as unconstitutionally vague. 135 S. Ct. 2551, 2560-63 (2015). *Johnson* did not invalidate or otherwise affect subsection (i), known as the "elements clause," or the remaining language in subsection (ii), known as the "enumerated offenses clause." *Id*. at 2563 ("Today's decision does not call into question application of the [ACCA] to the four enumerated offenses, or the remainder of the Act's definition of a violent felony."). *Johnson* also does not affect the ACCA's definition of a "serious drug offense." *See e.g., Stanley v. United States*, 827 F.3d 562, 564 (7th Cir. 2016); *see also* 18 U.S.C. § 924(e)(2)(A).

Revis pleaded guilty to one count of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g) and 924(e), which triggered the ACCA. But Revis argues that, after *Johnson*, he no longer has the predicate convictions to qualify as an armed career criminal under 18 U.S.C. § 924(e), and, thus, his sentence should be vacated or corrected.

3

The government responds that Revis' motion is untimely and, regardless, he still has three prior convictions to trigger the ACCA's mandatory minimum sentence. The government contends—and Revis does not dispute—that his 1998 conviction for delivery of a controlled substance qualifies as a "serious drug offense" under the ACCA. The government also argues that Revis' 1997 conviction for aggravated battery and 2002 conviction for robbery constitute "violent felonies" under the ACCA. Although aggravated battery and robbery are not listed in the enumerated offenses clause, 18 U.S.C. § 924(e)(2)(B)(ii), the government argues they fall within the purview of the elements clause. Revis argues they do not qualify under the elements clause.

**Timeliness**

As a preliminary matter, the Court rejects the government's argument that Revis' motion is untimely and procedurally barred because his challenge is based on pre-*Johnson* precedent. (*See* Gov't's Resp., p. 9-13.) As Revis points out, his arguments regarding the elements clause were arguably futile before *Johnson*, given the residual clause's "catch-all" function. Moreover, the government fails to show which portion of § 924(e)—or even which of Revis' seven prior convictions—the Court relied upon when it imposed the ACCA's mandatory minimum sentence. *See Stanley*, 827 F.3d at 565 (noting that "a prisoner could argue that he decided not to press an argument about the elements clause at sentencing, or on appeal, when the only consequence would have been to move a conviction from the elements clause to the residual clause").

**Predicate Offenses**

   *1997 Aggravated Battery Conviction*

Revis challenges whether his 1997 conviction for aggravated battery constitutes a violent felony under the ACCA. He argues that the relevant Illinois aggravated battery statute, 720 ILCS 5/12-4, is a "divisible statute" (*i.e.*, that it contains alternative sets of elements for which an individual can be convicted of aggravated battery). Revis says that, because at least one of these sets of elements allows for a conviction where a defendant does not use "physical force" as understood in the ACCA's elements clause, the government bears the burden of producing certain official documents to show that Revis' conviction rests on a branch of the statute requiring "physical force." Revis contends that the government has failed to make such a showing, and, accordingly, it cannot be said that Revis' aggravated battery conviction is a violent felony under the ACCA.

Initially, the Court takes note of an apparent oversight made by the government at the time of his sentencing. Both the plea agreement and PSR list the 1997 conviction as an aggravated battery, then codified under 720 ILCS 5/12-4, but the government's recent filings make clear that Revis actually pleaded guilty to the more specific charge of aggravated battery *with a firearm*, 720 ILCS 5/12-4.2. (*See* Gov't's Resp., pp. 12-14, Ex. D.)

In any case, the Court must take the "modified categorical approach" to determine whether Revis' conviction falls within the ACCA's elements clause.[1] *United States v. Rodriguez-Gomez*, 608 F.3d 969, 973 (7th Cir. 2010) (holding Illinois' aggravated battery statute is divisible statute); *see also United States v. Jenkins*, No. 16 C 6434, 2017 WL 955423, at *13 (N.D. Ill. Mar. 13, 2017) (analyzing conviction under 720 ILCS 5/12-4.2 with modified categorical approach). Under the modified categorical approach, a court may look to a limited class of documents to determine what set of elements formed the basis for the defendant's conviction. *Descamps v. United States*, 133 S. Ct. 2276, 2281 (2013). A court may consider things like the charging document, plea colloquy, or comparable judicial records in determining upon what elements the conviction rest. *Shepard v. United States*, 544 U.S. 13, 26 (2005). After making that determination, a court then must look only at the relevant text of the statute—and not the underlying circumstances of the specific crime—to determine whether the conviction qualifies as a "violent felony." *United States v. Yang*, 799 F.3d 750, 752 (7th Cir. 2015).

Here, pursuant to *Shepard*, the Court looks to the charging documents and the certified copy of Revis' conviction. (*See* Gov't's Resp., pp. 12-14, Ex. D; *see also* Gov't's Surreply, p. 2, Ex. A.) These documents make clear that Revis was charged with and pleaded guilty to aggravated battery with a firearm under 720 ILCS 5/12-4.2. At the time of Revis' conviction, the statute read "[a] person commits aggravated battery with a firearm when he, in committing a

---

[1] Characterizing 720 ILCS 5/12-4.2 as a distinct and separate statute from 720 ILCS 5/12-4 would not change the ultimate outcome. Assuming the PSR and plea agreement did list the wrong statute, the parties do not suggest—and the Court cannot find any case law that indicates—that such a mistake would prevent the Court from considering the statute upon which Revis' conviction actually rests. *See Taylor v. United States*, 2016 WL 5369476, at *5 n. 5 (S.D. Ill. Sept. 26, 2016) (analyzing aggravated battery statute where PSR incorrectly stated defendant was convicted under aggravated battery with a firearm statute). So even if the Court were to apply the categorical approach—where the Court would look solely to the language of 720 ILCS 5/12-4.2—and the outcome would remain the same.

battery, knowingly or intentionally *by means of the discharging of a firearm* (1) *causes any injury to another person…*" See 720 ILCS 5/12-4.2 (emphasis added).

By its language, this statute "has as an element, the use, attempted use, or threatened use of physical force" and thus falls within the ACCA's elements clause. 18 U.S.C. § 924(e)(2)(B)(i). Physical force means "*violent* force—that is, force capable of causing physical pain or injury to another person." *Curtis Johnson v. United States*, 559 U.S. 133, 140-41 (2010). Discharging a firearm to injure a person involves the kind of physical force defined in *Curtis Johnson*. *See Jenkins*, 2017 WL 955423, at *5 (collecting district court cases) *request for certificate of appealability denied, Jenkins v. United States*, No. 17-1987, 2017 WL 5301885, at *1 (7th Cir. Aug. 11, 2017) ("The district court correctly concluded that Jenkins's Illinois convictions for aggravated battery are violent felonies under § 924(e)").

Finally, the Court notes that Revis' 1997 aggravated battery conviction is actually a "juvenile adjudication" for aggravated battery, but the ACCA embraces juvenile adjudications in its definition of "conviction." 18 U.S.C. § 924(e)(2)(C); *see also United States v. Wilburn*, 472 F.3d 742, 746 (7th Cir. 2007). However, where the prior conviction is an act of "juvenile delinquency," the ACCA specifically requires that it involve "the use or carrying of a firearm, knife, or destructive device" to qualify as a predicate conviction. Here, the statute explicitly describes the offense as "aggravated battery *with a firearm*" and defines the crime in terms of "discharging a firearm." 720 ILCS 5/12-4.2. This plainly satisfies the ACCA's language, and thus, Revis' 1997 juvenile adjudication for aggravated battery is a violent felony under the ACCA.

*2002 Robbery Conviction*

Revis next argues that his 2002 robbery conviction cannot be a "violent felony" under the ACCA's elements clause because Illinois' robbery statute does not categorically require "physical force" as defined by *Curtis Johnson*. 559 U.S. at 140-41 (defining physical force as "*violent* force—that is, force capable of causing physical pain or injury to another person"). Revis argues that Illinois' robbery statute requires a lower level of force, and thus, a conviction under that statute cannot qualify as an ACCA predicate.

After the parties fully briefed the petition, the Seventh Circuit issued a decision wholly rejecting Revis' argument. *Van Sach v. United States*, No. 17-1824, 2017 WL 4842617 (7th Cir. Sept. 1, 2017). In *Van Sach*, the Seventh Circuit noted that the force threshold that the Supreme Court established in *Curtis Johnson* "is not a high one" and held that "a conviction under Illinois' robbery statute requires force sufficient to qualify under [*Curtis*] *Johnson*." *Id.*, at *1. (quoting *United States v. Enoch*, 865 F.3d 575, 583 (7th Cir. 2017).). In light of *Van Sach*, it is clear Revis' robbery conviction qualifies as a violent felony under the ACCA. As such, even after *Johnson*, Revis still has three predicate convictions (1997 juvenile adjudication for aggravated battery; 1998 conviction for delivery of a controlled substance; and 2002 conviction for robbery) under the ACCA, and thus, the ACCA's mandatory minimum sentence is appropriate.

**Certificate of Appealability**

Revis argues that he is entitled to a certificate of appealability based on issues related to his 2002 robbery conviction. Again, given the intervening decision in *Van Sach*, Seventh Circuit case law is now clear that Revis' robbery conviction qualifies as a "violent felony" under the

ACCA's elements clause. Accordingly, the Court declines to grant him a certificate of appealability on that claim. *See* 28 U.S.C. § 2253(c)(2).

## CONCLUSION

For the reasons set forth above, the Court denies Revis' § 2255 motion. The Court declines to issue a certificate of appealability because Revis has not made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2). Civil case terminated.

**SO ORDERED.**

                                              **ENTERED: January 16, 2018**

                                              **HON. JORGE ALONSO**
                                              **United States District Judge**